UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DMS RENTAL MANAGEMENT INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV424-108 |
| BETHANY LOWE, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Defendant Bethany Lowe, proceeding *pro se*, has filed a Notice of Removal. Doc. 1. She seeks to remove a dispossessory action from the Magistrate Court of Bryan County, Georgia. *See id.* at 1; *see also* doc. 1-2 at 1-2 (Dispossessory Warrant filed in the Magistrate Court of Bryan County in December 2023). She also seeks to proceed *in forma pauperis*. Doc. 4. As Lowe has failed to establish this Court's subject-matter jurisdiction, this case should be **REMANDED**. 28 U.S.C. § 1447(c).

First, the Court is not entirely convinced that Lowe's application for leave to proceed *in forma pauperis* is sufficient. It reflects that her monthly expenses exceed her monthly income, but much of the information required by the form application is omitted. *See generally*

1

doc. 4. The Court might demand that she supply the omitted information. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-47 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013). However, it is clear that Lowe's attempt to remove this case is fatally defective, and the information she does provide suggests she is indigent. Accordingly, for jurisdictional purposes only, Lowe's request to pursue this case *in forma pauperis* is **GRANTED**. Doc. 4.

Under 28 U.S.C § 1441, a defendant may remove an action filed in state court to federal court if the action could have originally been brought in federal court. A removing defendant has the burden to establish federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir.2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). This Court's jurisdiction may be established either based on the diverse citizenship of the parties, *see, e.g.,* 28 U.S.C. § 1332,

or because the removed action presents a federal question, *see, e.g.,* 28 U.S.C. § 1331. Lowe has failed to adequately establish this Court's jurisdiction.

Lowe contends, first, that this Court has original jurisdiction because DMS Rental Management, Inc. is incorporated and has its principal place of business in the state of South Carolina. Doc. 1 at 1. Assuming that allegation is true, she does not allege that the amount in controversy exceeds the $75,000 statutory threshold to establish diversity jurisdiction. *See, e.g.,* 28 U.S.C. § 1332(a). The attached pleading indicates that Lowe failed to pay rent for the month of December 2023 and seeks a judgment in the amount of $3,000. Doc. 1-2 at 1. The pleading also seeks additional rent "accruing up to the date of judgment or vacancy at the rate of $3,000 per [m]onth," unspecified "other fees include [sic] agreed upon[ ] in signed lease[ ] pest control and for lawn service," and an additional $67.00 in costs and fees. *Id.* Even assuming that the claim has not been reduced to judgment or that Lowe has not vacated the property, and rent has been accruing since December, the total amount in controversy does not appear to approach the statutory threshold. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different tule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *see also Auben Realty v. Bussey*, 2018 WL 2933399, at *2 (S.D. Ga. Jun. 12, 2018) (quoting *Fed. Home Loan Mortg. Corp. v. Williams*, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008)) (discussing failure to plead sufficient amount in controversy in removal of dispossessory action). She has, therefore, failed to establish that removal is proper pursuant to this Court's diversity jurisdiction.

Lowe also ambiguously asserts that removal is proper pursuant to the Court's federal-question jurisdiction. Lowe asserts that the dispossessory action is "in violation of the Consolidated Appropriations Act of 2023." Doc. 1 at 1. She also alleges that DMS is "attempting to collect a debt in violation of the Fair Debt Collection Practices Act (FDCPA) of 1978." *Id.* Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir.

2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted). Even if the invocation of the statutes were not conclusory, courts have routinely rejected the assertion that the Fair Debt Collection Practices Act provides federal courts jurisdiction over dispossessory actions. *See Waterford Landing Apartments, LLC v. Blair*, 2023 WL 8825309, at *2 (N.D. Ga. Oct. 18, 2023). The Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, 136 Stat. 4459 (Dec. 29, 2022), appropriated federal funds for the fiscal year ending September 30, 2023, *id.* at 4462. It is unclear, to say the least, how a dispossessory action filed in December 2023 could have implicated that statute. *Cf. Progress Residential Borrower 5, LLC v. Lee*, 2023 WL 8798109, at *2 n. 5 (N.D. Ga. Oct. 13, 2023). Finally, courts have routinely held that eviction proceedings do not present a federal question. *See Auben Realty*, 2018 WL 2933399, at *1 ("Other courts within the Eleventh Circuit have rejected similar attempts to remove a dispossessory action that is based only on state law." (citation omitted)). As the United States District

Court for the Northern District of Georgia has recently observed, "[s]imply put, because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis of federal question jurisdiction." *2018-4 IH Borrower LP v. Miller*, 2022 WL 2388730, at *2 (N.D. Ga. Apr. 18, 2022) (internal quotations, alteration, and citation omitted). Lowe has, therefore, failed to establish any basis for this Court's federal-question jurisdiction.

Because Lowe has not met her burden of establishing federal jurisdiction, this case should be **REMANDED** to the Magistrate Court of Bryan County, Georgia. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA